UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DIEGO TORRES-CHALCO,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-07680-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 1) |

On September 21, 2026, petitioner, proceeding pro *se*, filed a combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for temporary restraining order. (Doc. No. 1.) On September 24, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 25, 2026, respondent filed an opposition to the pending motion. (Doc. No. 5.) Therein, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a).

/////

(*Id.* at 5.) Respondent also argues that petitioner should be required to exhaust his administrative remedies by requesting a bond hearing before an immigration judge ("IJ"). (*Id.* at 3–4.) Respondent does not oppose this court ruling directly on the merits of the petition (*id.* at 1), and the court will do so.

Based upon the parties' briefing, the court finds as follows. On or about December 24, 2023, petitioner entered the United States where he was encountered border patrol officials, briefly detained, and subsequently released into this country on his own recognizance. (*Id.* at 13.) Petitioner alleges that he has a pending asylum application and has no criminal history. (Doc. No. 1 at 16.) On or about August 5, 2026, petitioner was re-detained by immigration and customs enforcement officials ("ICE") while petitioner was waiting to be picked up for work at an unspecified location. (*Id.*; Doc. No. 5 at 13.) There is no indication that petitioner was provided with prior notice or a pre-detention hearing before ICE re-detained him.

As to respondent's exhaustion argument, the court rejects this position. Petitioner has challenged his re-detention on due process grounds. (Doc. No. 1 at 6–7.) Forcing petitioner to seek a post-deprivation hearing before an IJ would be futile and inadequate because any such hearing would not remedy the pre-deprivation injury that he has suffered. Accordingly, the court will waive the exhaustion requirement and turn to the merits of the petition. *R.N.G. v. Semaia*, No. 5:26-cv-02839-DSR, 2026 WL 2089544, at *2–3 (C.D. Cal. July 14, 2026) (waiving the exhaustion requirement and concluding that a post-deprivation hearing before an IJ would be an inadequate remedy to the pre-deprivation due process injury that the petitioner suffered). In light of the evidence that petitioner was previously released into the United States on his own recognizance, the court incorporates and adopts the reasoning set forth in its prior order *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025) where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release, in light of his prior release from immigration detention. Accordingly, the court will grant the petition and order petitioner's immediate release.

/////

/////

For the reasons explained above,

1. Petitioner's combined petition for writ of habeas corpus and motion for temporary restraining order (Doc. No. 1) is GRANTED in part as follows:

    a. Petitioner's petition for writ of habeas corpus is GRANTED as follows:

        i. Respondent is ORDERED to immediately release petitioner Jonathan Diego Torres-Chalco, A-File No. 245-677-887, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about August 5, 2026;

        ii. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner unless respondent provides petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing the government will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

    b. Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order granting him habeas relief;

2. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Detention Center; and

3. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 28, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE